UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CAROLE YOUNG, | Case No. CV 16-06587-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1] | |
| Defendant. | |

Carole Young ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Social Security Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

---

[1] On January 23, 2017, Berryhill became the Acting Commissioner of Social Security. She is therefore automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

On March 26, 2010, Plaintiff filed an application for DIB alleging disability beginning November 1, 2002. Administrative Record ("AR") 128-34. Her application was denied initially and on reconsideration. See AR 60-65, 68-73. An Administrative Law Judge ("ALJ") held a hearing, see AR 25-57, then issued an unfavorable decision on October 26, 2011. See AR 13-21. After the Appeals Council denied review, this Court concluded that the ALJ had not provided specific and legitimate reasons for discounting the opinion of Plaintiff's treating physician, and therefore reversed the ALJ's decision and remanded the matter for further administrative proceedings. See Young v. Colvin, No. 13-3055-DFM, 2014 WL 2206328 (C.D. Cal. May 28, 2014).

On remand, a second ALJ obtained further medical evidence and medical expert testimony. See AR 313. The ALJ heard testimony from Plaintiff as well as two impartial medical experts and a vocational expert. See AR 327-51. The second ALJ issued an unfavorable decision on December 17, 2015. See AR 312-21. The ALJ concluded that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2006, and that she had not engaged in substantial gainful activity from her alleged onset date through her date last insured. See AR 315. The ALJ found that through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. See AR 315-20. The ALJ accordingly found that Plaintiff was not disabled during the closed period of November 1, 2002, through September 30, 2006. See AR 320.

On July 2, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 292-94. Plaintiff then sought this Court's review. See Dkt. 1.

## II.

## DISCUSSION

The parties dispute whether the ALJ erred in finding Plaintiff's impairments non-severe. See Dkt. 30, Joint Stipulation ("JS") at 4. Plaintiff contends the ALJ's determination that Plaintiff's impairments are non-severe is not supported by substantial evidence in the record. See id.

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011). It is the claimant's burden to establish a medically determinable impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). A "finding of no disability at step two" may be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005).

Here, Plaintiff argues two bases for overturning the ALJ's decision: first, that the ALJ was bound to review the medical record as a whole rather than just records dated May 7, 2004 through September 30, 2006; and, second, that Plaintiff's medical records contain ample evidence to support a finding of a severe impairment. JS at 5-7. For the reasons set forth below, Plaintiff's arguments are rejected.

Plaintiff incorrectly contends that the ALJ committed error by not considering the record as a whole. See JS at 5. The ALJ gave ample consideration from records outside the relevant period, concluding that those records did not support the existence of a medically determinable impairment for the period in question. See AR 318-19. For example, the ALJ considered the opinions of state-agency physicians who found in 2010 and 2011 that the record contained insufficient evidence to support claims of severe back pain during the relevant period. See AR 319. Likewise, the ALJ considered the

testimony given by a board-certified orthopedist who testified as an impartial medical expert and stated that there were no identifiable medical impairments before Plaintiff's date last insured. See AR 331.

Moreover, Plaintiff's contention that records from 2011 through 2015 demonstrate that she had a severe impairment before the date last insured in 2006 is unpersuasive. As the ALJ noted, the records from the relevant period are unremarkable, and do not support any finding that Plaintiff had a medically determinable physical impairment during the relevant period. See AR 227-32. Records from 2011 through 2015 showing possible depression or treatment by narcotic prescription drugs do not demonstrate that Plaintiff suffered from a medically determinable impairment five years earlier.

Plaintiff bears the burden of showing that she was disabled before her last insured date. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991). Moreover, as a claimant who is applied for disability benefits long after her date last insured, Plaintiff bears the burden of showing "that the current disability has existed continuously since some time on or before the date [her] insured status lapsed." Flaten v. Sec'y of Health and Human Servs., 44 F.3d 1453, 1458 (9th Cir. 1995).

Plaintiff has not met this burden, notwithstanding her contention that Dr. Butler's 2011 assessment should be treated as a pre-2011 medical record because Dr. Butler has a "longitudinal relationship" with Plaintiff as her treating physician since 2004. See JS at 16. While a retrospective opinion can establish continuous disability severity, see Flaten, 44 F.3d at 1461 ("The claimant may establish such continuous disabling severity by means of a retrospective diagnosis."), the ALJ properly discounted Dr. Butler's opinion on specific and legitimate grounds. As discussed above, the ALJ noted that the minimal records from the relevant period establish normal objective findings and do not support Dr. Butler's findings. See AR 319 (citing AR 227-32).

4

The total absence of objective medical evidence of a severe medical impairment supported the ALJ's step two determination. See Webb, 433 F.3d at 688. The ALJ thus correctly determined that Plaintiff was not disabled.

## III.
## CONCLUSION

For the reasons set forth above, the decision of the Social Security Commissioner is AFFIRMED and this matter is DISMISSED with prejudice.

Dated: October 18, 2018

                                                DOUGLAS F. McCORMICK
                                                United States Magistrate Judge